420 P.2d 284

**John CLEMENS, Appellant,**

**v.**

**Lynne CLARK, a minor, and Rodney C. Clark and Iola Clark, husband and wife, parents and next friends of said minor, Appellees.**

**No. 8126.**

Supreme Court of Arizona.

In Banc.

Nov. 23, 1966.

**414**

Stephen W. Connors, Phoenix, for appellant.

Snell & Wilmer, Roger W. Perry, Phoenix, for appellees.

UDALL, Justice.

In plaintiff's motor vehicle negligence action judgment was entered upon a verdict rendered by the jury in favor of defendants Lynne Clark, a minor, Rodney C. Clark and Iola Clark, parents of Lynne Clark. Plaintiff appeals from the judgment and from the trial court's denial of plaintiff's motion for a new trial.

In his opening brief the plaintiff-appellant makes the following statement of facts:

"This case arose out of an auotmobile collision between JOHN CLEMENS and Defendant, LYNNE CLARK WESTOVER, a minor, wherein the latter either ran a stop sign or left it not in safety, and struck the plaintiff's vehicle. Plaintiff's complaint alleged permanent injury."

Counsel for the defendant-appellee, in his appeal brief, requests this Court to dismiss the appeal due to plaintiff's failure to comply with Rule 5(b), 17 A.R.S. Rules of the Supreme Court, which requires an appellant's brief to contain the following:

"4. A concise statement of the ultimate facts of the case material to determination of the issues presented in this court, as appellant contends them to be proved by the evidence submitted upon the trial * * *."

With regard to the above rule, this Court stated in 1923, in Smith v. City of Nogales, 24 Ariz. 557, at 558, 211 P. 592:

"* * * The observance of this rule is absolutely necessary to an understanding of the assignments of error and the argument of counsel to follow. The frequency with which it is neglected prompts the court to warn the profession that it constitutes sufficient cause for dismissal. Without adopting that drastic method of disposing of this case, we will assume a burden that properly belongs to counsel, simply because we incline, when we reasonably can, to decide each case upon its merits rather than summarily upon motion or *sua sponte.*"

■■■ The failure of appellant's counsel to comply with Rule 5(b) would ordinarily be regarded by this Court as sufficient cause for dismissal. The brief statement of facts made by the appellant is of no value whatsoever in aiding this Court in understanding the five assignments of error which are subsequently presented, and which, collectively, are so broad as to require this Court to assume the duties of an advocate by searching a voluminous record and examining many exhibits in order to determine if there is merit to the appeal. As we recently stated in Milam v. Milam, 101 Ariz. 323, 419 P.2d 502, October 19, 1966, this Court is reluctant to perform the duties of counsel for either party to an appeal; however, since we remain inclined to decide cases on their merits and not to punish litigants because of the inaction of their counsel, we have reviewed the record in the present case, and since we find no merit in any of the assignments of error the judgment of the trial court in favor of the defendants is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.