490 P.2d 851

**John H. DREES, Appellant,**

**v.**

**Katherina DREES, Appellee.**

**No. 2 CA–CIV 1047.**

Court of Appeals of Arizona,
Division 2.

Nov. 24, 1971.

Rehearing Denied Dec. 23, 1971.

Review Denied Feb. 1, 1972.

John Aboud, Tucson, for appellant.

Steve Kosteck, Jr., Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from a judgment dismissing the appellant's-husband's complaint for divorce and awarding attorneys fees and costs to the appellee-wife. The wife's counterclaim for a decree of divorce or separate maintenance was also dismissed but this ruling has not been appealed.

■ Appellant contends that the trial court erred in the following respects: (1) In failing to grant a divorce; (2) in restricting him in his evidentiary presentation of his grounds for divorce; (3) in awarding appellee attorneys fees and costs. Appellant's brief falls far short of the requirements mandated by Rule 5(b), as amended, Rules of the Supreme Court, 17

A.R.S. Failure of counsel to comply with this rule may be regarded as sufficient cause for dismissal but the appellate courts of this state are inclined to decide cases on their merits rather than punish litigants because of counsel's inaction. Clemens v. Clark, 101 Ariz. 413, 420 P.2d 284 (1966); Keplinger v. Boyett, 6 Ariz.App. 514, 433 P.2d 1006 (1967). We have therefore reviewed the evidence presented to the trial court in order to dispose of this appeal on the merits.

■ No useful purpose would be served, however, by a detailed analysis of the evidence. As grounds for divorce, the appellant alleged cruelty, adultery, wilful desertion for the statutory period, and non-cohabitation as husband and wife for a five-year period. The trial court concluded that the appellant had failed to carry his burden of proof of any of these grounds for divorce by a preponderance of the evidence. If such be the case, jurisdiction to grant a divorce is absent. Acheson v. Acheson, 107 Ariz. 235, 485 P.2d 560 (1971). The record reflects sufficient evidentiary support for the trial court's conclusion and we defer to its evaluation of witness' credibility.

■ It is contended that the trial court improperly limited appellant as to his presentation of evidence with respect to the alleged grounds for divorce. The thrust of his argument is that the trial court "lulled" him into believing, after a conference in chambers, that he should limit himself to evidence concerning the property rights of the parties. The transcript reflects otherwise. Although it does appear that the court was of the impression, after the in-chambers conference, that counsel intended to stipulate that testimony would be limited to the property aspect, appellee's counsel declined to stipulate. Thereupon the court stated:

"Then let's just go on until we finish. We will continue it on Tuesday and will stop at 5 this evening, then. Go ahead. Then there is no stipulation."

**24**

Lengthy testimony was thereafter presented and appellant's counsel was afforded an opportunity to, and did in fact, present evidence with respect to the grounds for divorce. We thus find no merit in this contention.

■ As to the allowance of attorneys fees and costs—this is left to the trial court's discretion. Reich v. Reich, 13 Ariz. App. 98, 474 P.2d 457 (1970). We find no abuse of this discretion. Appellee testified that at the time of trial she had approximately $3,000 in a savings account, $2,000 of which would be required to pay income taxes. Her net monthly income available for her living expenses in New York City where she was working, was $500. Appellant, on the other hand, had approximately $1,500 in savings. His monthly income was approximately $400 and, according to his testimony, he spent $6.00 a week for food, $30 per month for utilities, $38 per year for insurance, and $.65 per month for laundry expenses. The parties owned in joint tenancy two residence properties, one of which appellant lived in and the other was rented. As to the latter, appellant testified that he had received certain sums of money as rent during the preceding five years and that he had given no money whatsoever to appellee. In order to defend this action, the appellee had expended more than $1,500 for plane fare and hotel expenses for herself and her New York lawyer. The record also reflects that the joint tenancy properties were purchased with money in the parties' joint bank account and additional sums contributed by appellee. We find no abuse of discretion either in the *allowance* of fees and costs or in the *amount* thereof. Appellant's counsel stipulated in open court that if fees were to be awarded, the court might set the reasonable value of such fees without the taking of evidence. The *amount* of legal fees is left to the discretion of the trial court. DeMarce v. DeMarce, 101

Ariz. 369, 419 P.2d 726 (1966). We cannot say that attorneys fees in the amount of $1,500 was an abuse of discretion. In the *DeMarce* case, such amount was deemed appropriate for 38 hours of preparation and trial of the case. The record here reflects no less expenditure of time.

Judgment affirmed.[1]

HATHAWAY, and HOWARD, JJ., concurring.

1. Appellee has requested this court to award her attorneys fees and costs on appeal. However, the appropriate forum to entertain such application is the superior court. Genda v. Genda, 11 Ariz.App. 110, 462 P.2d 407 (1970); Warren v. Warren, 92 Ariz. 390, 377 P.2d 321 (1963).