NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:  APRIL M. MCNEIL, *Petitioner/Appellee*,

*v.*

STEVEN C. GOFF, Respondent/*Appellant*.

No. 1 CA-CV 13-0069
FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
No.  FC2011-091259
The Honorable Boyd W. Dunn, Judge

**AFFIRMED**

COUNSEL

Steven C. Goff, Queen Creek
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**G O U L D, Judge**:

¶1          Steven C. Goff ("Father") appeals from the family court's post-decree order denying his request to change final legal decision-making authority regarding his children's education from April M. McNeil ("Mother") to Father.  For the reasons that follow, we affirm.

**BACKGROUND**

¶2          During their marriage, the parties had two children, one born in 2006, and the other in 2007.  The court entered a dissolution decree in August 2012 ("Decree").  Upon considering the "agreement of the parties" and the statutory best-interest factors under Arizona Revised Statutes ("A.R.S.") section 25-403 (2012),[1] the family court awarded the parties joint legal custody of the children and equal parenting time.  For parental decisions regarding "major issues" on which the parties disagreed despite good-faith best efforts to reach a consensus, the Decree vested Father with final decision-making authority as to children's medical matters, and Mother was given final decision-making authority "regarding the education of [the] children."

¶3          Ten days after the Decree was filed, Father filed the first of a series of motions asserting:

> [Mother] has attempted to withdraw [the] children from . . . their current school[] and enroll them in another school without mutual consent or following the procedures set forth in the [D]ecree[.]  [Mother] has provided less than 24hrs notice of the change without attempting a consensus decision, acting in good faith, or consideration for the best interest of the children.

> [Mother's] first mention of the potential school change was on the 24th of August 2012, only a few days after the parties to these proceedings had received the [D]ecree.  The decision is not in the best interest of the children and is being executed solely as a retaliatory and vindictive measure by [Mother].

---

[1]          The statute was materially amended effective January 1, 2013.  *See* 2012 Ariz. Sess. Laws, Ch. 309, § 5 (2nd Reg. Sess.).  We therefore cite the version in effect when the court issued the Decree and the subsequent orders at issue in this case.

Father requested the court "remove decision-making authority [regarding the children's education] from the Mother [and appoint] a parenting coordinator in order to avoid further Court filings."

¶4            After the parties completed briefing the issue, the court summarized their respective positions as follows:

> Father's position is that Mother made a unilateral choice to change the children's school in violation of "Father's parental rights and not in the best interests of the children and therefore against the wishes of the Father." Father alleges that the change resulted in the children attending an inferior school for Mother's "self-serving reasons." Father argues that Mother made the decision immediately after receiving the final decisions of the Court and made no attempt in receiving input from Father and putting forth her best efforts in reaching a consensus. Father claims that the children are unhappy at the new school and miss their friends.

> Mother argues that Father, "without, acquiescence or involvement of the Mother" had put the children in [the previous school], a charter school, prior to their divorce which was approximately ten (10) miles away from Mother's residence and forty (40) miles from Father's place of employment. Mother states that she had opposed Father's initial decision and [he] would have placed them in the school again without her involvement. Mother claims that the quality of the [new public] school is similar and by having the school closer to her residence and work, Mother will be able to respond to the children's needs at school without delay. Mother claims that [t]he children are doing well at their new school.

¶5            Without holding a hearing, the court subsequently made the following findings and orders by an unsigned minute entry dated November 19, 2012 ("November 19 Orders"):

> **THE COURT FINDS** that the parties' minor children are currently in kindergarten and first grade, that both schools offer a good education for such level of schooling, and that they were at their previous school for such a short duration that the effects of the relocation should be minimal.

> **THE COURT FURTHER FINDS** that even though the parties had minimal discussion prior to the move itself, Mother believed she had the authority to make a decision prior to the start of school that occurred shortly after the entrance of the Decree in this matter.
>
> **THE COURT FURTHER FINDS** that upon the review of the emails between the parties regarding the issue of the school relocation exchanged between the parties, a consensus decision is not possible and that the parties are unable to agree with this issue. Father is especially uncompromising with his opinions.
>
> . . .
>
> **IT IS FURTHER ORDERED** affirming Mother's recent decision with regard to the children's school location and that the children shall remain [there].

**¶6** Father filed a notice of appeal on December 21, 2012. Because the November 19, 2012 minute entry was unsigned and therefore not final and appealable, this court suspended the appeal and revested jurisdiction in the family court pursuant to *Eaton Fruit Co. v. California Spray-Chemical Corp.*, 102 Ariz. 129, 130, 426 P.2d 397, 398 (1967), so Father could apply for a signed order. On May 13, 2013, the family court entered a signed *nunc pro tunc* order mirroring the substance of the unsigned November 19, 2012 minute entry. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2), (4) (West 2014); *see Williams v. Williams*, 228 Ariz. 160, 264 P.3d 870 (App. 2011) (addressing appealability of post-decree orders).

## DISCUSSION

**¶7** As a preliminary matter, we note that Father's opening brief is deficient. It does not contain, as required by Arizona Rule of Civil Appellate Procedure 13(a)(1)-(6), a table of contents, a table of citations, a statement of the case, citations to the record to support factual assertions, citations to authority to support the arguments raised, or the applicable standard of review. Father also fails to clearly state the issues on appeal. ARCAP 13(a)(5). The failure to comply with the briefing requirements may be sufficient cause for dismissal. *Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966). However, we prefer, if possible, to decide each case on its merits rather than dismissing actions summarily based upon procedural grounds. *Drees v. Drees*, 16 Ariz. App. 22, 23, 490 P.2d 851, 852 (1971).

¶8 On the other hand, Mother did not file an appellate brief. We could treat the failure to file an answering brief as a confession of error by Mother, but in our discretion we choose to address the merits "because a child's best interests are involved." *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2, 38 P.3d 1189, 1190 (App. 2002); *see generally* ARCAP 15(c).

¶9 Father's arguments on appeal consist of general and unsubstantiated assertions suggesting that Mother's decision to change schools was not in the children's best interest. Father does not argue the court, in issuing the November 19 Orders, was required to specifically address the statutory best-interest factors in § 25-403. Rather, he merely asserts as a general matter that the court ignored the children's best interests.

¶10 Father primarily contends the new school is educationally inferior to the previous one, and he claims Mother changed schools only for her own convenience. Father also argues the school relocation "substantially compromises the purposes and value in [Father's] maintaining the familial residence." He further asserts that he should be the "primary residential parent" because he is "more available" to the children than Mother, and that his decision-making would result in more "stability" for the children's education. Finally, Father asserts the "school change unilaterally modified the holiday schedule ordered by the Court[,]" the court is biased towards Mother, and the new school's staff and faculty treat him unfairly. In connection with these arguments, Father does not refer to evidence in the record to support his factual assertions, and he provides no legal authority to corroborate his assertion that the court committed reversible error.

¶11 We reject the contention that the family court failed to consider the children's best interests. *See Borg v. Borg*, 3 Ariz. App. 274, 277, 413 P.2d 784, 787 (1966) ("[T]he primary consideration in custody cases is the welfare and best interests of the children."). In addressing Father's primary objection to the school relocation, the court found that the "effects of the [school] relocation should be minimal" based on the children's young ages, the short duration of their attendance at their previous school, and because both the previous and current schools "offer a good education for such level of schooling[.]" This finding addressed the most relevant factor in terms of the children's school relocation – the effect the relocation would have on the children's "adjustment to home, school and community." A.R.S. § 25-403(A)(4).

¶12 We conclude, on the record before us, that the family court properly considered the best interests of the children, and that it did not abuse its discretion in denying Father's request to change legal decision-making authority regarding the children's education. *See Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15, 311 P.3d 1110, 1113 (App. 2013) ("We review the superior court's decision on child custody for abuse of discretion."). Father's disagreement with the court's assessment of the facts in reaching its conclusion does not mandate a contrary result. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009) (explaining that the trier of fact is in the best position to weigh the evidence); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93 ¶ 50, 977 P.2d 807, 815 (App. 1998) (rejecting assertions made without supporting argument or citation to authority).

## CONCLUSION

¶13 The family court's November 19 Orders are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: mjt