NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SOL JAFFE, *Plaintiff/Appellant,*

*v.*

CAPITAL ONE BANK, N.A., *Defendant/Appellee.*

No. 1 CA-CV 13-0600
FILED 06-26-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2012-016756
The Honorable Douglas Gerlach Judge

**AFFIRMED**

---

COUNSEL

Sol Jaffe, Phoenix
*Plaintiff/Appellant*

Quarles & Brady LLP, Phoenix
By Kevin D. Quigley, Michael S. Catlett
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1 Sol Jaffe (Jaffe) appeals the trial court's dismissal of his claim for intentional infliction of emotional distress asserted against Capital One Financial Corporation (Capital One). For the reasons stated below, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 In October 2001, Jaffe submitted an application to Capital One for a credit card. After the account was opened, Jaffe made various purchases and payments using the credit card. In March 2008, Jaffe carried a balance of $1,224.89 on the account and made his last payment to Capital One in the amount of $34.00. Capital One then placed Jaffe's account into delinquency status and continued to send Jaffe monthly credit card statements until 2011, when Capital One began sending statements quarterly. In November 2012, Capital One ceased sending credit card statements to Jaffe altogether.

¶3 In July 2009, Capital One filed a complaint against Jaffe in the Encanto Justice Court for the credit card debt plus interest. Capital One then moved for summary judgment, which the Justice Court granted. Jaffe appealed the Justice Court ruling to the Superior Court, which reversed the Justice Court, finding genuine issues of material fact existed as Capital One had failed to provide the credit card application that tied the delinquent debt to Jaffe's account. Upon remand, Capital One filed a motion to dismiss its complaint without prejudice, which the Justice Court granted.

¶4 In October 2012, Jaffe filed a complaint in Maricopa County Superior Court against Capital One, asserting intentional infliction of emotional distress. Jaffe did not indicate the intentional act that allegedly caused the emotional distress beyond seeking declaratory relief from the "billing . . . for monies not owed"; presumably meaning the credit card statements sent to Jaffe to recover the delinquent debt. Capital One moved for summary judgment asserting claim preclusion and, regarding the intentional infliction of emotional distress claim, absence of extreme

---

[1] "On appeal from a grant of summary judgment, we view all facts and reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 315, ¶ 2, 965 P.2d 47, 49 (App. 1998).

and outrageous conduct. The trial court granted Capital One's motion for summary judgment, finding Jaffe could have asserted the intentional infliction of emotional distress claim in previous lawsuits between Jaffe and Capital One, and the record failed to establish Capital One's conduct rose to the level of outrageous conduct. Jaffe timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2014)[2] and -2101(A)(1) (2014).

**STANDARD OF REVIEW**

**¶5** Summary judgment is granted when the moving party shows there is no genuine dispute of material fact and is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Commerica Bank v. Mahmoodi*, 224 Ariz. 289, 291, ¶ 12, 229 P.3d 1031, 1033 (App. 2010). Summary judgment is appropriate "if the facts produced in support of the claim . . . have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We review the grant of summary judgment de novo to determine if any genuine issues of material fact existed and whether the trial court properly applied the law. *L. Harvey Concrete, Inc. v. Argo Constr. & Supply Co.*, 189 Ariz. 178, 180, 939 P.2d 811, 813 (App. 1997).

## I. Requirements of Opening Briefs

**¶6** As an initial matter, Jaffe's brief does not provide a table of contents, a table of citations, or an argument with citations to relevant authority for each contention raised on appeal. ARCAP 13(a)(1)-(2), (6). Jaffe, as a self-represented litigant, "is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16, 17 P.3d 790, 793 (App. 2000). Consequently, the failure to comply with the briefing requirements may be sufficient cause for dismissal. *Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966). However, we "prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds," *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984), and exercise our

---

[2] Absent material revisions after the relevant dates, we cite the current version of the statutes and rules unless otherwise indicated.

discretion to reach the merits of the issues raised on appeal. *See Drees v. Drees,* 16 Ariz. App. 22, 23, 490 P.2d 851, 852 (1971).

## II.     Intentional Infliction of Emotional Distress

**¶7**        Arizona courts have adopted the elements of an intentional infliction of emotional distress claim from the Restatement (Second) of Torts § 46 (1965). *See Ford v. Revlon,* 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). To establish such a claim, Jaffe must prove: 1) Capital One engaged in "extreme" and "outrageous" conduct; 2) Capital One either intended to cause emotional distress or recklessly disregarded the near certainty Jaffe would experience such distress from its conduct; and 3) Jaffe experienced severe emotional distress from Capital One's conduct. *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.,* 183 Ariz. 550, 553-54, 905 P.2d 559, 562-63 (App. 1995) (quoting *Ford*, 153 Ariz. at 43, 734 P.2d at 585).

**¶8**        When evaluating an intentional infliction of emotional distress claim, "the trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief." *Mintz,* 183 Ariz. at 554, 905 P.2d at 563. The conduct must be utterly intolerable in a civilized community, which is generally found when the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Restatement (Second) of Torts § 46 cmt. d (1965); *Cluff v. Farmers Ins. Exch.,* 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (1969), *overruled on other grounds by Godbehere v. Phx. Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (1989).

**¶9**        On appeal, Jaffe's only assertion regarding Capital One's allegedly outrageous conduct is that Capital One continued to send him billing statements on monies he claimed he did not owe.[3]   Accordingly, we limit our review of Capital One's conduct to the billing statements sent to Jaffe after he made his last payment on the account in March 2008. In February 2010, Capital One ceased sending monthly billing statements and instead began quarterly billing, which continued until November 2012, when Capital One stopped sending statements altogether. That having been established, the record clearly indicates Capital One did not

---

[3] We note Capital One initially sued Jaffe for monies owed; however, as Jaffe failed to argue the suit amounted to outrageous conduct, we consider the issue waived. *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33, 250 P.3d 1213, 1220 (App. 2011).

engage in the requisite conduct necessary for an intentional infliction of emotional distress claim.

¶10 Moreover, the average person in a civilized society would not term Capital One's conduct of sending billing statements to Jaffe as "outrageous." At most, Capital One asserted a legal right to reasonably pursue payment for charges Jaffe was alleged to have incurred on his credit card account. Restatement (Second) of Torts § 46 cmt. g (1965) ("The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way . . . ."); *see Wilson v. Hynek*, 144 Cal. Rptr. 3d 4, 12 (Cal. Ct. App. 2002) ("At most, this was a creditor/debtor situation, whereby the defendants were exercising their rights under the loan agreements. There are no allegations [that in doing so] any of the defendants threatened, insulted, abused or humiliated the [plaintiffs]."). As Capital One's conduct was not sufficiently outrageous as a matter of law to sustain an intentional infliction of emotional distress claim, we affirm the trial court's grant of summary judgment in favor of Capital One. *See Midas Muffler Shop v. Ellison,* 133 Ariz. 194, 199, 650 P.2d 496, 501 (App. 1982).

## III. Attorneys' Fees

¶11 Capital One has requested attorneys' fees and costs on appeal pursuant to A.R.S. § 12-349(A). We award Capital One reasonable attorneys' fees and costs upon timely compliance with ARCAP 21.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Capital One.



Ruth A. Willingham · **Clerk of the Court**
FILED: gsh