NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ARIZONA GAME AND FISH DEPARTMENT,
*Petitioner/Appellee,*

*v.*

DANIEL SCHEELER, *Respondent/Appellant.*

No. 1 CA-CV 18-0585
FILED 10-3-2019

---

Appeal from the Superior Court in Maricopa County
No.  CV2018-052589
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Daniel Scheeler, Phoenix
*Respondent/Appellant*

Arizona Attorney General's Office, Phoenix
By L. John LeSueur
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M O R S E**, Judge:

**¶1** Daniel Scheeler appeals the superior court's order upholding an injunction against workplace harassment obtained by the Arizona Game and Fish Department ("Department"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to upholding the superior court's ruling.[1] *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012).

**¶3** On June 1, 2018, the Department terminated Scheeler's status as a volunteer at the Ben Avery Shooting Facility ("the range") after he sent a female Department employee (the "Employee") a series of unsolicited letters and a picture that the Department considered inappropriate. In his letters to the Employee, Scheeler stated, among other things, that they could have been "sole [*sic*] mates," that he thought of her "as some kind of fantasy," and he described how other Department staff members needed to be "punished."

**¶4** Following his termination, Scheeler was escorted off the range property by the Law Enforcement Branch Chief for the Department. The Branch Chief explained to Scheeler that he had thirty days to remove his fifth-wheel trailer from the range campground and could not return without a law enforcement escort. The Branch Chief further instructed Scheeler to coordinate with the Range Master before entering range property.

---

[1] Because Scheeler's statement of facts does not include citations to the record as required by Arizona Rule of Civil Appellate Procedure 13(a)(4), we have disregarded it and rely upon the Department's statement of facts as well as our own review of the record. *See Sholes v. Fernando*, 228 Ariz. 455, 457 n.2 (App. 2011).

**¶5** On June 13, 2018, Scheeler arrived at the range campground escorted by a Phoenix police officer. Scheeler failed to notify the Range Master of his arrival at the range campground. After the Phoenix police officer departed, Scheeler returned to the range campground. A short time later, the Employee started to leave the range in her car and drove past the campground. According to the Department's petition, the Employee returned to the range main office after she saw Scheeler in his car at the campground gate and he "honked and waved at her and started to follow her out of the range." Scheeler then contacted the Range Master, "demanded to know why [the Employee] turned around and returned to [the] property after he saw her," and "explained that no one could stop him from making contact" with the Employee.

**¶6** The Department filed a petition seeking an injunction against workplace harassment against Scheeler, which the superior court granted (the "Workplace Injunction").[2] Scheeler requested a hearing to challenge the Workplace Injunction. On August 15, 2018, the superior court held a hearing at which the Employee and Scheeler testified. Our record on appeal does not contain a transcript of the proceeding, but the superior court admitted six exhibits, including the unsolicited letters and picture and the Phoenix police officer's "Call for Service Report." On August 17, 2018, the superior court issued a written order in which it found "by a preponderance of the evidence that the Defendant has committed acts of harassment," and upheld the Workplace Injunction.

**¶7** Scheeler timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12–120.21(A) and –2101(A)(5)(b).

---

[2] With Scheeler's consent, the superior court heard this case concurrently with a separate injunction against harassment issued in favor of the Employee against Scheeler. Scheeler now asserts in his opening brief that the superior court abused its discretion by holding the concurrent hearings. The Employee's injunction against harassment is not the subject of this appeal, and this court "will not address issues raised for the first time on appeal." *Nat'l Broker Associates, Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216, ¶ 30 (App. 2005).

**DISCUSSION**

**¶8**        On appeal, Scheeler argues the superior court erred by finding sufficient evidence had been presented to enter and affirm the Workplace Injunction.[3]  "We review a trial court's grant of an injunction against harassment for an abuse of discretion." *Wood v. Abril*, 244 Ariz. 436, 438, ¶ 6 (App. 2018).  "If there is substantial evidence to support the issuance of an injunction, we will not substitute our judgment for that of the trial court." *Prudential Ins. Co. of Am. v. Pochiro*, 153 Ariz. 368, 370 (App. 1987).

**¶9**        A court may grant an employer an injunction against workplace harassment if it finds "reasonable evidence of workplace harassment by the defendant."  A.R.S. § 12-1810(E).[4]  An "employer" is defined broadly to include "an individual, partnership, association, or corporation" and "includes this state, a political subdivision of this state and any school district or other special district."  A.R.S. § 12-1810(S)(1).  "Harassment" is defined as "a single threat or act of physical harm or damage or *a series of acts over any period of time that would cause a reasonable person to be seriously alarmed or annoyed*."  A.R.S. § 12-1810(S)(2) (emphasis added).  As few as two acts may constitute a "series."  *See LaFaro v. Cahill*, 203 Ariz. 482, 486, ¶ 14 (App. 2002).

---

[3]        The Department asks that we summarily affirm without addressing the merits because Scheeler's opening brief is procedurally deficient.  The Department is correct that Scheeler's brief contains neither the required citations to the record nor a clear statement of the issues on appeal.  ARCAP 13(a)(4), (6).  However, while these deficiencies may be sufficient cause for dismissal, *Clemens v. Clark*, 101 Ariz. 413, 414 (1966), we decline the Department's invitation because our general preference is to decide cases upon their merits, *Drees v. Drees*, 16 Ariz.App. 22, 23 (1971).

[4]        We cite to the current version of the statute, as there have been no material changes to the law relevant to this case.

¶10 The core of Scheeler's argument is that the Phoenix police officer remained present at the range campground when Scheeler honked and waved to the Employee. He supports this contention with the officer's Call for Service Report. Scheeler argues that the Department's account[5] of the June 13 incident is inconsistent with the Call for Service Report, and the officer's presence negated a finding that Scheeler's actions at the range campground could constitute harassment. Scheeler, however, offers no support for the proposition that harassment cannot occur in the presence of a police officer, and when "the parties presented facts from which conflicting inferences could be drawn . . . , it was for the trial court, not this court, to weigh those facts." *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 597, ¶ 27 (App. 2007).

¶11 Scheeler makes other factual assertions within his brief that are not supported by any record on appeal. As Scheeler failed to provide a transcript from the August 15 hearing, this Court presumes that the transcript would support the superior court's decision. *See Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998). Based upon the record before us, we are satisfied substantial evidence supports the injunction.

¶12 Scheeler also raises two legal arguments: (1) the Arizona Attorney General is not permitted to represent the Department in a proceeding involving an injunction against workplace harassment, and (2) some alleged criminal violation is required before the Department can "utilize the assets of the Office of the Attorney General." Scheeler provides no authority for these assertions and, to the contrary, the Arizona Attorney General is "the legal advisor of the departments of this state and [shall] render such legal services as the departments require." A.R.S. § 41-192(A)(1); *see also Harris v. Brain*, 1 CA-SA 15-0125, 2015 WL 4600213, at *1, ¶ 6 (Ariz. App. July 30, 2015) (mem. decision) (reversing trial court disqualification of Arizona Attorney General as counsel for Arizona Game and Fish Commission). Finally, no criminal violation is required for the Arizona Attorney General to represent a state agency seeking an injunction against workplace harassment. *See* A.R.S. § 12-1810.

---

[5] Attached to Scheeler's opening brief is an incident report from June 13, 2018, which was not entered into evidence before the superior court. This Court's review is limited to the record before the superior court; we will not consider evidence that was not part of that record. *GM Dev. Corp. v. Cmty. Am. Mortgage Corp.*, 165 Ariz. 1, 4-5 (App. 1990).

## CONCLUSION

**¶13** Having considered Scheeler's arguments and finding them without merit, we affirm the superior court's August 17, 2018, order upholding the Workplace Injunction against Scheeler.



AMY M. WOOD • Clerk of the Court
FILED:  AA