NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

———————————————

IN RE TERMINATION OF PARENTAL RIGHTS AS TO E.K., J.K., and
W.A.

No. 1 CA-JV 22-0273
FILED 6-13-2023

———————————————

Appeal from the Superior Court in Mohave County
No. L8015JD202107040
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

———————————————

COUNSEL

Taylor N. Vanderlinden, Goodyear
*Appellant*

Law Offices of Janelle A. McEachern, Chandler
By Janelle A. McEachern
*Advisory Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

———————————————

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in
which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

———————————————

1

**B A I L E Y**, Judge:

¶1         Taylor V. ("Mother") appeals the termination of her parental rights to E.K., J.K., and W.A. ("the children").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         The Department of Child Safety ("DCS") filed a dependency petition in November 2021, alleging that due to abuse and neglect, the children were dependent as to Mother.  Specifically, DCS alleged that Mother locked herself in her room, leaving the older children to care for W.A., to find their own food, and that "more often than not [the children] go without dinner because Mother does not feed the[m]."

¶3         DCS also alleged that Mother 1) engaged in self-harm that prevented her from caring for her children, 2) abused the children by, for instance, grabbing, squeezing and smacking E.K.'s face, leaving a visible scratch, 3) screamed in the children's presence that "she wishe[d] Father would die in a car accident," and 4) displayed "erratic and dangerous behavior that puts the children at significant risk of harm."

¶4         The superior court found the children dependent as to Mother in December 2021.  In October 2022, DCS petitioned to terminate Mother's parental rights, under the history of chronic substance abuse and nine-months' time-in-care grounds.  DCS alleged that Mother had not fully participated in reunification services and had admitted she was "high" on fentanyl during visits with the children.  DCS sent Mother notice that:

> Your failure to personally appear in court at the initial hearing, pretrial conference, status conference, or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court.

¶5         Mother did not appear at the time set for the initial termination hearing.  Mother's counsel informed the court that, on the day before the hearing, she had left Mother a voicemail at her most recent phone number and had not heard back.  Children's counsel told the court she had received an email from the Legal Defender's Office saying Mother had a

criminal sentencing hearing in another court that same day. The court took notice that Mother's sentencing hearing was set to begin an hour later than the termination hearing. The court found Mother had notice of the consequences of her failure to appear, had failed to appear, and had therefore admitted the allegations in the petition. The court then set an evidentiary hearing for that same morning.

¶6         At the hearing, Mother's counsel told the court she sent a text message to Mother that the evidentiary hearing would take place without her if she did not appear. Mother did not appear.

¶7         A DCS specialist testified that during the dependency Mother visited the children while intoxicated, engaged in outbursts that were consistent with ongoing substance abuse, and admitted continued fentanyl use. The specialist noted that Mother refused to test for substances after July 2022 and failed to complete any substance abuse services. The specialist testified that Mother failed to engage in services to remedy the circumstances leading to the children's placement, domestic violence and substance abuse, by failing to complete "couples counseling, individual counseling, parenting classes, [a] psychological evaluation, [a] substance abuse assessment, urine analysis [sic] testing, visitation, and the Nurturing Parenting Program."

¶8         In addressing placement, the specialist testified that the children were in safe and stable homes with adoptive extended family members. The court found on this record that the evidence supported termination on the grounds of chronic substance abuse and nine-months' time-in-care. The court later entered DCS's proposed written findings of fact and conclusions of law, terminating Mother's parental rights.

¶9         Mother timely appealed. Mother's appellate counsel filed an avowal pursuant to Rule 607(e) of the Rules of Procedure for the Juvenile Court that she could find no non-frivolous issue to raise on appeal. Mother then filed an opening brief, pro se. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 8-235(A).

## DISCUSSION

¶10        Mother's opening brief is deficient by failing to cite relevant case law or provide citations to the record in support of her appeal. *See* ARCAP 13(a)(5), (7). But considering our preference for resolving cases on their merits, we address Mother's argument. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

**¶11**　　Mother is entitled to "fundamentally fair procedures." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)). But a parent who fails to appear without good cause after being warned of the consequences may be defaulted, and the allegations against her taken as true, without offending due process. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 443-44, ¶¶ 22-24 (2018).

**¶12**　　Mother argues good cause precluded her appearance at the initial hearing because her criminal sentencing hearing was set at the same time. To prevail in setting aside the termination order on this basis, Mother must show 1) good cause for her failure to appear and 2) "a meritorious defense" to the termination proceeding. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 19 (2019).

**¶13**　　The superior court found Mother had no good cause for failing to appear. We review such a determination for an abuse of discretion, and we will reverse only if the finding was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

**¶14**　　Mother was scheduled to appear for sentencing at 10:30 a.m., in Kingman and her initial termination hearing was scheduled at 9:30 a.m. in Lake Havasu City. Mother concedes in her opening brief that she knew the date and time of the initial termination hearing but argues that she could not have attended both the sentencing and the initial hearing and that she contacted her attorney about the conflict.

**¶15**　　Though Mother may not have been able to attend both hearings, the record belies her contention that she attempted to resolve the conflict, and instead shows that she failed to communicate with or respond to her counsel. Mother's counsel represented that Mother did not speak to her about the termination hearing, did not respond to a phone call the day prior, and did not respond to counsel's last entreaty to appear at the evidentiary hearing. Thus, Mother's actions were not those of "a reasonably prudent person in the same circumstances" and she cannot establish good cause for her failure to appear. *Christy A. v. Ariz. Dep't. of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007) (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)).

**¶16**　　Moreover, Mother has not shown any meritorious defense. The superior court had reasonable evidence that Mother was unable to

discharge parental responsibilities due to her substance use, including her admission to DCS that she used fentanyl, and evidence that her addiction would continue for a prolonged indeterminate period. *See* A.R.S. § 8-533(B)(3). The court had reasonable evidence to conclude that termination would be in the children's best interest based on their adoptive placements. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 14 (2018). We find no error.

**¶17** Mother also argues that her post-termination participation in services while incarcerated merits a reversal. But we cannot consider a parent's post-termination efforts, however laudable, in reviewing termination cases. *See Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22 (App. 2007). This argument therefore fails.

**CONCLUSION**

**¶18** We affirm.

