NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MARCUS FERRARO, *Petitioner/Appellant*,

*v.*

HAVA FERRARO, *Respondent/Appellee*.

No. 1 CA-CV 23-0500 FC
FILED 05-14-2024

Appeal from the Superior Court in Maricopa County
No. FC2014-071745
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Marcus Ferraro, Surprise
*Petitioner/Appellant*

Hava Ferraro, Peoria
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1　　　　Marcus Ferraro ("Father") appeals from the family court's order granting sole legal decision-making authority over his daughter to his ex-wife Hava Ferraro ("Mother"). We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Father and Mother are the parents of two minor children, A.F. and E.F. Father and Mother married in 2005 and divorced in 2014. In September 2020, the family court awarded the parties joint legal decision-making authority, with Father having the final say on issues involving the children's education.

¶3　　　　In July 2022, Mother petitioned the family court to modify Father's legal decision-making authority and parenting time for A.F., her older child. She and Father disagreed about certain mental health challenges facing A.F., with Mother seeking medical intervention and Father characterizing the issues as those experienced by a "typical teenager." The court held an evidentiary hearing, where Mother, Father, and a court-appointed advisor testified and presented evidence. A physician's report on A.F.'s mental health issues showed that the child suffered from depression and suicidal ideation, and that the child was undergoing counseling and pharmaceutical treatment.

¶4　　　　While Father acknowledged at the hearing that A.F. had mental health issues, exhibits showed that he removed A.F. from care against medical advice and that the child's pharmacist "ha[d] great concerns about [Father's] recent emails and some actions that ha[d] been taken by [Father.]" Father sent Mother messages accusing her of having "Munchausen syndrome by proxy," a condition he defined as where "[t]he caretaker of a child, most often a mother, either makes up fake symptoms or causes real symptoms to make it look like the child is sick."

**¶5**      The court granted Mother's petition, awarding her sole legal decision-making authority, setting forth a new parenting schedule, and ordering that Father pay child support. Later, on Mother's motion, the court clarified that Father had the duty of providing transportation for his parenting time with both children. Father now appeals, and this court has jurisdiction. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶6**      Father's brief does not comply with the civil appellate rules because it fails to include any citation to legal authority or set forth any issues for review. *See* Ariz. R. Civ. App. P. 13(a). Nonetheless, we exercise our discretion to address the substance of the appeal, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966), insofar that true legal issues can be gleaned from Father's brief.

**¶7**      Father's primary contention appears to be that the court gave undue weight to some evidence while improperly ignoring other evidence. He alleges the undue weight led to the order granting Mother legal decision-making authority and adjusting Father's parenting time which resulted in the increased child support order. The court's legal decision-making and parenting-time orders are reviewed for an abuse of discretion, viewing the evidence in the light most favorable to upholding the decision. *See DeLuna v. Petitto*, 247 Ariz. 423 ¶ 9 (App. 2019).

**¶8**      Upon a motion to modify legal decision-making or parenting time, the court first determines whether a material change in circumstances affecting the child's welfare exists. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343 ¶ 14 (App. 2020). If such changed circumstances exist, the court then determines whether modification would be in the child's best interests. A.R.S. § 25-403(A); *Backstrand*, 250 Ariz. at 343 ¶ 14.

**¶9**      Here, the court found that Father and Mother's "consistent[] struggle[s] not only with their communication but also with their decisions regarding the appropriate medical care for" A.F. presented a material change in circumstances. The record, replete with instances of disagreement and contention, supports the court's conclusion. Father minimized A.F.'s mental health issues and discharged her from care against medical advice. The court then considered, at length, the required statutory factors relevant to the best-interests inquiry, *see* A.R.S. §§ 25-403(A), -403.01(B), and set forth a thorough, well-reasoned, and record-based explanation of its decision that modification would be best for A.F. The court did not abuse its discretion.

**CONCLUSION**

¶10     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     TM