NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MOHAVE COUNTY, *Plaintiff/Appellee*,

*v.*

BARRY MESSNER, *Defendant/Appellant*.

No. 1 CA-CV 23-0775

FILED 08-20-2024

Appeal from the Superior Court in Mohave County
No. S8015CV202301355
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

Barry Messner, Fort Mohave
*Defendant/Appellant*

Mohave County Attorney's Office, Civil Division, Kingman
By Ryan H. Esplin
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

**¶1**　　　　This is an appeal from an order authorizing Mohave County (the County) to abate a nuisance on Barry Messner's property at his expense. We affirm.

## BACKGROUND

**¶2**　　　　Messner owns three parcels of property on the same road in Fort Mohave, Mohave County. In 2023, the County served Messner with multiple notices to abate a public nuisance created by "trash/debris/rubbish/filth" on his land. Messner appealed, and the Board of Supervisors denied relief.

**¶3**　　　　The County then filed a complaint and application for preliminary injunction in the superior court. A two-day order to show cause hearing followed. Messner represented himself at the hearing, at which he testified, offered exhibits, and cross-examined witnesses.

**¶4**　　　　The court found that Messner, contrary to applicable zoning restrictions, was essentially running a salvage yard and that the many items stored there—including inoperable vehicles, scrap metal, and miscellaneous trash, rubbish, and debris—created a public nuisance. The court authorized the County to abate the nuisance at Messner's expense under A.R.S. § 11-268 and Mohave County Ordinance 2020-07(VI) (the Ordinance). Messner appealed.

**DISCUSSION**[1]

**¶5**        We review a grant of injunctive relief for abuse of discretion, and we defer to the court's factual findings absent clear error. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 47, ¶ 9 (App. 2007). But we consider de novo the court's legal conclusions and the interpretation of statutes and ordinances. *Id.*; *Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 40, ¶ 8 (App. 2012).

**¶6**        Messner first challenges the validity of the Ordinance. The Ordinance provides a way for the County to ensure the cleanup of public nuisances: i.e., any "accumulation of rubbish, trash, weeds, filth, or debris that constitutes a hazard to the public health and safety." *See* Ordinance 2020-07(III)(12), (V)–(VI). Consistent with A.R.S. § 11-268, the Ordinance requires the County to give a landowner written notice to abate a nuisance and time to comply. *See* A.R.S. § 11-268(A)(1); Ordinance 2020-07(VI)(2)–(5). Only if the landowner fails to abate the nuisance in the given time is the County permitted to abate the nuisance at the landowner's expense. *See* A.R.S. § 11-268(B)–(D); Ordinance 2020-07(VI)(8). The landowner has the right to appeal the abatement notice and cost assessments. *See* A.R.S. § 11-268(A)(2); Ordinance 2020-07(VI)(6).

**¶7**        Messner argues that the Ordinance is nonetheless void because (as the County apparently concedes) it was not published upon adoption as required by A.R.S. § 11-251.05(C). We hold that Messner waived this argument by not making it in the proceedings below. *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109–10, ¶ 17 (App. 2007).

**¶8**        But even on the merits, Messner's argument fails. When a statute requiring ordinances to be published does not specify that publication is a condition precedent for effectivity, the statute is generally construed as merely directory. *Burton v. City of Tucson*, 88 Ariz. 320, 324 (1960), *superseded by statute as recognized in Salt River Project Agric. Improvement & Power Dist. v. City of St. Johns*, 149 Ariz. 282, 284–85 (1986). That is the case here. Although A.R.S. § 11-251.05(C) provides that

---

[1]    The County asks us to find Messner's arguments waived because his pro per opening brief does not include record and legal citations as required by Arizona Rule of Civil Appellate Procedure 13. Though we agree that Messner's brief is deficient, we exercise our discretion to decide the appeal on the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

ordinances must be published when adopted, the statute specifies no consequence for nonpublication. Accordingly, the failure to publish the Ordinance did not invalidate it. *See Burton*, 88 Ariz. at 324.

**¶9**         Messner next argues that the County needed to follow the time provisions in the Ordinance. The Ordinance provides that a notice to abate must give the landowner at least 30 days to comply, and that an appeal to the Board of Supervisors pauses the clock until a decision issues. Ordinance 2020-07(VI)(2)–(3), (6)(d). Here, the notices gave Messner 30 days to abate the nuisance. He appealed the notices 15 days after receiving them, meaning he still had 15 days to comply after the Board issued its decision. The County did not wait for that period to expire before filing its complaint and application for a preliminary injunction. But by the time the matter came to a hearing, the compliance deadline had passed. At that point, the court properly authorized the County to abate the nuisance at Messner's expense.[2] *See* Ordinance 2020-07(VI)(8).

**CONCLUSION**

**¶10**         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

---

[2]     To the extent that Messner argues there was no nuisance to abate, we disagree. The court's summary of the land's condition describes an actionable nuisance and is supported by photographs in the record. *See* A.R.S. § 11-268(A); Ordinance 2020-07(III)(12), (V). Further, because Messner failed to provide transcripts, we assume that the hearing testimony also supported the court's nuisance findings. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

4