NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

RICHARD GILES WHITING, *Defendant/Appellee*.

No. 1 CA-CV 24-0001

FILED 08-27-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-092255
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

By John Danko III, PE, Mesa
*Plaintiff/Appellant*

Jones, Skelton & Hochuli P.L.C, Phoenix
By J Gary Linder, Elizabeth B. N. Garcia
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**        Appellant John Danko III appeals the trial court's dismissal of his civil suit against attorney Richard Whiting. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        This case is one in a series in which Danko retained and subsequently sued counsel. *See Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129 (App. Aug. 15, 2023) (mem. decision); *Danko v. Strom*, 1 CA-CV 22-0583, 2023 WL 5977229 (App. Sept. 14, 2023) (mem. decision); *Danko v. Hawkins*, 1 CA-CV 22-0781, 2023 WL 7164310 (App. Oct. 31, 2023) (mem. decision). In this case, Danko alleges that he hired Whiting, a South Carolina lawyer, who failed to perform contracted services, thus causing damages.

**¶3**        Whiting contested Danko's suit by filing a notice of special appearance to contest jurisdiction and a motion to dismiss. Whiting stated that he had never been to Maricopa County, Arizona, nor performed any services for Danko there. Whiting further argued that this court's decision in *Dessaules*, affirming Danko's designation as a vexatious litigant, barred the suit. 2023 WL 5214129, at *3 ¶ 14. However, Whiting's certificates of service for these filings omitted one digit from Plaintiff's mailing address and were thus sent to the wrong address. The deadline for a responsive motion passed, and the trial court granted Whiting's motion to dismiss for lack of personal jurisdiction. While the court acknowledged Danko's vexatious-litigant status, it did not dismiss on that ground, as Danko had not been designated vexatious at the time he filed suit against Whiting.

**¶4**        After entry of judgment, Danko sought leave to file a motion for relief, and for the court to consider the response to the motion to dismiss that he would have filed had he received notice of Whiting's motion. The court, in the interest of justice, considered his response. Danko's response

2

to the motion to dismiss argued that personal jurisdiction was proper because the parties' contract pertained to an Arizona marriage dissolution. He supported his motion with a copy of the parties' signed contract, which in part stated:

> I acknowledge and agree that this contract, which provides for services by the Law Office of Richard G. Whiting, P.A. to be performed in the State of South Carolina, is subject to and governed by the laws of the State of South Carolina. I acknowledge and agree that any action for enforcement of this Contract shall properly be brought in Richland County, South Carolina.

While Danko's response alleged that Whiting did business in Arizona, the attached exhibits indicated that the parties had met and contracted in South Carolina, and that communications were made to Danko's South Carolina address.

¶5            After considering Danko's response, the trial court affirmed its order dismissing the case for lack of personal jurisdiction. It found that the allegations in Danko's response did not change the circumstances underlying the dismissal. The court granted Danko leave to file a motion for relief.

¶6            Instead of filing a motion for relief, Danko appealed. This court stayed that appeal, as no final judgment had been entered. Revested with jurisdiction, the trial court amended its dismissal order *nunc pro tunc* to contain language making it a final judgment, as Danko's allotted time for filing a motion for relief had passed. Danko then again appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7            Danko's brief does not comply with the civil appellate rules by failing to support his arguments with citations to relevant legal authority. *See* Ariz. R. Civ. App. P. 13(a). Nonetheless, we exercise our discretion to address the substance of the appeal, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966), insofar as Danko raises substantive issues.

### I.      Personal Jurisdiction

¶8            Danko argues that Whiting had sufficient minimum contacts with Arizona necessary to support personal jurisdiction. We review the superior court's personal jurisdiction conclusions de novo, *Beverage v.*

3

*Pullman & Comley, LLC*, 232 Ariz. 414, 417 ¶ 10 (App. 2013), "viewing the facts in the light most favorable to [Danko] but accepting as true the uncontradicted facts put forward by [Whiting]," *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 264 ¶ 2 n.1 (2011).

¶9        Arizona courts may exercise personal jurisdiction over parties "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *Planning Grp.*, 226 Ariz. at 265 ¶ 12. Personal jurisdiction may be general or specific. *Planning Grp.*, 226 Ariz. at 265 ¶ 13. General jurisdiction "extends to any and all claims brought against a defendant," *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)), but "[o]nly a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction," *id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). The record contains no evidence showing that Whiting had any contacts so "continuous and systematic as to render him essentially at home" in Arizona. *Wal-Mart Stores, Inc. v. LeMaire*, 242 Ariz. 357, 359 ¶ 4 (App. 2017) (cleaned up).

¶10        Specific jurisdiction "exists only for the particular claim asserted" and only when the defendant's "activities in the forum state giving rise to the claim establish the necessary minimum contacts with the state to make the exercise of jurisdiction reasonable and just." *Hoag v. French*, 238 Ariz. 118, 122 ¶ 19 (App. 2015). Specific jurisdiction requires "sufficient contacts" that demonstrate (1) purposeful conduct by the defendant targeting the forum, rather than accidental or casual contacts or those brought about by the plaintiff's unilateral contacts, (2) a nexus between those contacts and the claim asserted, and (3) that the exercise of jurisdiction would be reasonable. *See Planning Grp.*, 226 Ariz. at 265–70 ¶¶ 13, 16, 25, 29, 37; *Williams v. Lakeview Co.*, 199 Ariz. 1, 4 ¶ 11 (2000). Specific jurisdiction exists only if the defendant's activities in the forum state are related to the plaintiff's cause of action. *Williams*, 199 Ariz. at 4 ¶ 11.

¶11        The record contains no evidence showing that Whiting directed business activity toward Arizona, visited Danko's Arizona home, or inflicted an injury here. "[I]t is not enough that a defendant know that he is dealing with an Arizona resident then located in another state; the requisite activity must instead be purposefully directed at the forum." *Planning Grp.*, 226 Ariz. at 271 ¶ 41. Further, specific jurisdiction is not warranted based on facts arising from Danko's unilateral conduct. *Williams*, 199 Ariz. at 3 ¶ 7. The superior court thus did not err in dismissing Danko's claims for want of personal jurisdiction.

## II.   Notice and Due Process

**¶12**      Danko also contends that he was deprived of due process by Whiting's clerical error that caused the motion to dismiss to be sent to the wrong address. This court reviews "constitutional issues, including an alleged violation of due process, de novo." *Wassef v. Ariz. State Bd. of Dental Exam'rs*, 242 Ariz. 90, 93 ¶ 11 (App. 2017).

**¶13**      Though Danko had no notice of the motion to dismiss until after it was granted, he was nonetheless afforded due process by the trial court's order considering his post-judgment response "in the interests of justice." He was given a full and fair opportunity to argue the motion; that his argument was unavailing does not constitute a due process violation. He thus has not shown error.

## CONCLUSION

**¶14**      We affirm. Whiting requests attorneys' fees under A.R.S. § 12-349 and Ariz. R. Civ. App. P. 25. We grant this request because this appeal was brought without substantial justification. *See* A.R.S. § 12-349(A)(1). By appealing this case, Danko continues to pursue his groundless claims with complete indifference to their lack of merit. *See Ariz. Republican Party v. Richer*, 257 Ariz. 210, 221 ¶ 38 (Ariz. 2024). This appeal is therefore unjustified under A.R.S. § 12-349(A)(1). As the prevailing party, Whiting is also awarded his costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV