IN THE

SUPREME COURT OF THE STATE OF ARIZONA
_____

BILL AND SUE BEVERAGE, HUSBAND AND WIFE,
*Plaintiffs/Appellants,*

*v.*

PULLMAN & COMLEY, LLC; D. ROBERT MORRIS, AN INDIVIDUAL
*Defendants/Appellees.*
_____

No.  CV-13-0170-PR
Filed January 24, 2014
_____

Appeal from the Superior Court in Maricopa County
The Honorable Colleen L. French, Judge
No.  CV2011-091442
**REVERSED**
_____

Appeal from the Court of Appeals, Division One
232 Ariz. 414, 306 P.3d 71 (2013)
**AFFIRMED**
_____

COUNSEL:

Leo R. Beus (argued), A. Erin McGuinness, and Abigail M. Terhune, Beus Gilbert, P.L.L.C., Phoenix, for Bill and Sue Beverage

Don P. Martin (argued) and Michael S. Catlett, Quarles & Brady, L.L.P., Phoenix, for Pullman & Comley, L.L.C., and D. Robert Morris

Andrew J. Petersen, Humphrey & Petersen, P.C., Tucson, for Amicus Arizona Association of Defense Counsel

Stanley G. Feldman, Haralson, Miller, Pitt, Feldman & McAnally, P.L.C., Tucson, and David L. Abney, Knapp & Roberts, P.C., Scottsdale, for Amici Arizona Association for Justice/Arizona Trial Lawyers Association

————————

CHIEF JUSTICE BERCH authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

————————

CHIEF JUSTICE BERCH, opinion of the Court:

**¶1** This Court granted review to determine whether the court of appeals erred in concluding that Arizona courts have specific jurisdiction over a Connecticut lawyer and law firm retained by Arizona residents to provide an opinion letter regarding a tax-shelter transaction.

**¶2** After considering the briefs and oral arguments, we conclude that the court of appeals did not err and that Arizona courts have jurisdiction over the defendants in this case. That court's opinion respected Arizona's rule permitting the liberal exercise of personal jurisdiction, *see* Ariz. R. Civ. P. 4.2(a) (granting extraterritorial jurisdiction "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States"), properly extrapolated from this Court's opinion in *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 268 ¶ 25, 270 ¶ 37, 246 P.3d 343, 349, 351 (2011), and otherwise applied the proper tests and analyzed relevant authorities. *See Beverage v. Pullman & Comley*, 232 Ariz. 414, 416-21 ¶¶ 3-28, 306 P.3d 71, 73-78 (App. 2013).

**¶3** We offer one minor clarification. The court of appeals observed that the Pullman defendants "sought Arizona-specific information" and "used these pieces of Arizona-based information to craft an opinion letter." *Id.* at 420 ¶ 22, 306 P.3d at 77. These contacts are more precisely termed "Arizona-*client*-specific contacts" because they relate not to Arizona, but rather to the Beverages, who were at all relevant times Arizona residents. For example, the tax opinion letter included information about the parties and entities involved in the Beverages' tax-shelter transaction, the amounts loaned and the terms of repayment, and the Beverages' reason for entering into the transaction. Although this information is better characterized as "Arizona-client-specific" than "Arizona-specific," that minor clarification does not alter our conclusion that the court of appeals properly analyzed the defendants' Arizona contacts.

**¶4** Because we agree with the court of appeals' jurisdictional analysis, we affirm the opinion of the court of appeals, as clarified.