NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

JOHN MARTIN GRANTLAND,[1] *Defendant/Appellee*.

No. 1 CA-CV 24-0265

---

FILED 10-24-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2023-093122
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

---

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Lewis Roca Rothgerber Christie, LLP, Phoenix
By Steven J. Hulsman, Ryan D. Pont
*Counsel for Defendant/Appellee*

---

[1] We amend the caption as shown. The parties must use the above caption on all future filings in this appeal.

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Acting Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**G A S S**, Chief Judge:

¶1 John Danko, III, appeals the superior court's grant of summary judgment in favor of John Martin Grantland based on lack of personal jurisdiction. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Danko sued Grantland (and others not part of this appeal) in Maricopa County Superior Court for more than fifteen tort and contract claims. Several months later, the Maricopa County Superior Court designated Danko a vexatious litigant based on his filing of numerous frivolous lawsuits. Maricopa County Superior Court Administrative Order No. 2023-135, *available at* AO_2023-135.pdf (maricopa.gov). This court recently designated Danko a vexatious litigant on October 22, 2024.

¶3 Grantland moved to dismiss Danko's claims for lack of personal jurisdiction under Rule 12(b)(2), Arizona Rules of Civil Procedure. Grantland attached a declaration saying he is a South Carolina resident, he previously served as Danko's parents' attorney in a South Carolina case, and he interacted with Danko only once, advising Danko to talk to his attorney. Grantland further said he owns no property in Maricopa County and has visited the county only twice, years ago, for reasons entirely unrelated to Danko. To establish personal jurisdiction, Danko said he resides in Maricopa County and alleged Grantland resides or does business in Maricopa County, and the events and damages underlying Danko's claims occurred in Maricopa County.

¶4 Because Grantland's motion to dismiss addressed matters outside the complaint, the superior court treated Grantland's motion as one for summary judgment under Rule 12(d), Arizona Rules of Civil

Procedure.[2] The superior court granted the motion, finding Danko failed to establish either general or specific personal jurisdiction over Grantland. The superior court then dismissed Danko's claims against Grantland with prejudice.

**¶5**        This court has jurisdiction over Danko's timely appeal under article VI, § 9, Constitution of Arizona, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## DISCUSSION

### I.        Danko's briefing is deficient.

**¶6**        Grantland argues we should rule Danko waived his arguments on appeal because the opening brief does not conform with Rule 13, Arizona Rules of Civil Appellate Procedure (ARCAP).

**¶7**        "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by an adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). Courts give self-represented litigants like Danko no special leniency. *Id.* And this court previously told Danko his deficient briefing may create waiver. *See Danko v. Leavitt*, 1 CA-CV 22-0525, 2023 WL 5286974, at *1 ¶¶ 7–11 (Ariz. App. Aug. 17, 2023) (mem. decision) (ruling Danko abandoned his appeal because of his deficient briefing).

**¶8**        Danko's briefing provides no concise statement of the case and never cites to the record as required under ARCAP 13(a)(4), (a)(5), and (a)(7)(B). He recites case names without citations in his table of authorities, and he largely fails to explain how any legal authority supports his arguments. *See* ARCAP 13(a)(2), (a)(7)(A), (f) (opening brief must contain a table of authorities, authorities must be fully cited, and authorities must be used to support arguments). And throughout his brief, he conflates this appeal with other cases.

---

[2]        The superior court did not have to convert Grantland's dismissal motion based on lack of personal jurisdiction. *See* Ariz. R. Civ. P. 12(b), (d) (specifying that conversion rule applies to other types of motions); *see also Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506 (App. 1987). The conversion, however, does not affect the outcome of this appeal.

**¶9** We could rule in Grantland's favor based on waiver, but we exercise our discretion and address the merits because Grantland requests attorney fees and costs. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

## II. Grantland timely filed his motion to dismiss.

**¶10** Danko argues Grantland's motion to dismiss was untimely. Under Civil Procedure Rules 12(a)(1)(A)(i) and 6(a)(1) and (3), Grantland had twenty days from the date of service to file and serve a responsive pleading, excluding the service day and the last day if it fell on a weekend. Danko served Grantland with the complaint on September 16, 2023, making Grantland's filing deadline October 9, 2023. Grantland timely filed his motion to dismiss on October 5, 2023.

**¶11** At bottom, Danko's argument has no basis in law or fact.

## III. The superior court did not err when it dismissed Danko's claims against Grantland for lack of personal jurisdiction.

**¶12** Danko argues the superior court improperly dismissed his claims against Grantland for lack of personal jurisdiction.

**¶13** This court reviews a dismissal on personal jurisdiction grounds *de novo*, assessing whether the non-movant made an unrebutted *prima facie* showing of jurisdiction. *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417 ¶ 10 (App. 2013), *affirmed as clarified*, 234 Ariz. 1 (2014). This court views the facts in the light most favorable to the non-moving party but accepts the uncontradicted facts presented by the moving party as true. *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 264 ¶ 2 n.1 (2011). And the superior court has discretion to decide whether to order *sua sponte* an evidentiary hearing to consider a motion to dismiss for lack of personal jurisdiction. *See MM&A Prods., LLC v. Yavapai-Apache Nation*, 234 Ariz. 60, 67 ¶ 21 (App. 2014).

**¶14** General personal jurisdiction exists over non-residents with "systematic and continuous" activities in the state. *Plan. Grp.*, 226 Ariz. at 265 ¶ 13 (citation omitted). Grantland's unrebutted declaration says he resides in South Carolina and has had only limited contact with Arizona. Danko points to nothing in the record to rebut Grantland's affidavit or show he had systematic and continuous contacts with Arizona.

**¶15** Specific personal jurisdiction exists over non-residents with "sufficient contacts with the state to make the exercise of jurisdiction reasonable and just with respect to the claim." *Id.* (cleaned up). For specific

4

personal jurisdiction, the defendant's aggregate contacts must show purposeful conduct targeting the forum, there is a nexus between the conduct and the claim, and it would be reasonable for the state to exercise jurisdiction. *Beverage*, 232 Ariz. at 417 ¶ 9. Grantland's unrebutted declaration describes limited contacts with Arizona, and those contacts were unrelated to Danko. Grantland's declaration further says his only interaction with Danko was to tell Danko to talk to his attorney—a fact unrelated to any of Danko's claims. Danko points to nothing in the record to show Grantland had sufficient contacts to justify the superior court's exercise of specific personal jurisdiction over Grantland for Danko's claims.

**¶16**        In short, Danko offered nothing to support the superior court exercising personal jurisdiction over Grantland.

### IV.    We exercise our discretion and award attorney fees and costs to Grantland.

**¶17**        Grantland seeks an award of attorney fees as a sanction under A.R.S. § 12-349. This court may award attorney fees under that statute if a party "[b]rings or defends a claim without substantial justification." A.R.S. § 12-349.A.1. The statute also covers maintaining a claim or defense without substantial justification. *Ariz. Republican Party v. Richer*, 257 Ariz. 210, 222 ¶ 41 (2024). "'[W]ithout substantial justification' means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349.F. A claimant does not make a claim in good faith if the claimant "knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Richer*, 257 Ariz. at 221 ¶ 38.

**¶18**        Here, Danko's arguments are entirely unfounded. He waived any arguments based on his briefing, and he offers nothing to support his claim of personal jurisdiction over Grantland. And he previously pursued the same frivolous arguments in multiple appeals involving different defendants. *See Danko v. Hawkins*, 1 CA-CV 22-0781, 1 CA-CV 23-0001, 1 CA-CV 23-0149 (consol.), 2023 WL 7164310, at *4 ¶ 21 (Ariz. App. Oct. 31, 2023) (mem. decision). Sanctions are appropriate under A.R.S. § 12-349.A.1.

**¶19**        As the successful party, Grantland also is entitled to recover his costs on appeal under § 12-341.

## CONCLUSION

**¶20** We affirm. We award Grantland his reasonable attorney fees and costs on appeal under A.R.S. §§ 12-341 and -349.A.1, pending his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV