NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO III, *Plaintiff/Appellant,*

*v.*

MICHELLE GORSKI, *Defendant/Appellee.*

No. 1 CA-CV 24-0341
FILED 12-19-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-093823
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

John Danko III, Mesa
*Plaintiff/Appellant*

Udall Law Firm, LLP, Tucson
By Craig L. Cline
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1            John Danko III appeals the superior court's dismissal of his claims against Michelle Gorski for lack of personal jurisdiction. We uphold the superior court's determination that it lacked personal jurisdiction and affirm.

## BACKGROUND

¶2            Danko, who has been designated a vexatious litigant by both this court and the superior court based on his filing of numerous frivolous lawsuits and appeals,[1] including suing Michelle Gorski (and others not part of this appeal) for many varied tort and contract claims.

¶3            Gorski moved to dismiss for lack of personal jurisdiction under Arizona Rule of Civil Procedure 12(b)(2). She attached a declaration stating that her only connection to Danko was serving as his minor children's guardian ad litem in a South Carolina family-law case where he was ordered to pay her fees. She also stated that she is a South Carolina resident who owns no property in Arizona, conducts no business in Arizona, and has never visited Arizona.

¶4            The superior court granted Gorski's motion and dismissed the claims against her with prejudice. Danko appealed.

---

[1]      See Maricopa County Superior Court Administrative Order No. 2023-135, *available at* AO 2023-135.pdf, and Arizona Court of Appeals Administrative Order No. 2024-10, *available at* Administrative Order 2024-10 Danko VL.pdf.

**DISCUSSION**

### I.     Waiver

**¶5**          Gorski argues that we should find Danko's arguments waived because his opening brief does not comply with ARCAP 13 and this court's order directing him to address only issues about Gorski.

**¶6**          We agree that Danko's briefing is deficient. He fails to provide a concise statement of the case or cite to the record. *See* ARCAP 13(a)(4), (a)(5), (a)(7)(B) (providing that an opening brief must refer to the record in a concise statement of the case and a statement of the relevant facts). He recites case names without citations in his table of authorities, and he largely fails to explain how any legal authority supports his arguments. *See* ARCAP 13(a)(2), (a)(7)(A), (f) (providing that an opening brief must contain a table of authorities, authorities must be fully cited, and authorities must be used to support arguments). He also fails to confine his arguments to the issues involving Gorski, contrary to our directive in an earlier order.

**¶7**          We may find waiver based on the foregoing. *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (holding that "[a]n appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority,'" with no special leniency afforded to pro per litigants (citation omitted)). We also note that this court has notified Danko that deficient briefing may create waiver. *See, e.g., Danko v. Leavitt*, 1 CA-CV 22-0525, 2023 WL 5286974, at *1–2, ¶¶ 7–11 (Ariz. App. Aug. 17, 2023) (mem. decision) (finding appeal abandoned because of deficient briefing). In any event, we exercise our discretion and address the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

### II.     Dismissal for Lack of Personal Jurisdiction

**¶8**          We review the dismissal of Danko's claims for lack of personal jurisdiction de novo, assessing whether Danko made an unrebutted prima facie showing of jurisdiction. *See Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417, ¶ 10 (App. 2013), *aff'd as clarified*, 234 Ariz. 1 (2014). We view the facts in the light most favorable to Danko but accept as true, uncontradicted facts presented by Gorski. *See Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 264, ¶ 2 n.1 (2011).

**¶9**          Danko failed to show general jurisdiction. General personal jurisdiction exists over non-residents with "systematic and continuous" activities in the state. *Id.* at 265, ¶ 13 (citation omitted). Gorski's unrebutted

declaration states that she has no activities in Arizona. Danko likewise failed to show specific jurisdiction. Specific personal jurisdiction exists over non-residents with "sufficient contacts with the state to make the exercise of jurisdiction 'reasonable and just' with respect to th[e] claim." *Id.* (citation omitted). The non-resident's aggregate contacts must show purposeful conduct targeting the forum, there must be a nexus between the conduct and the claim, and it must be reasonable for the state to exercise jurisdiction. *Beverage*, 232 Ariz. at 417, ¶ 9. Again, Gorski's unrebutted declaration states that she has no contacts with Arizona and that her connection to Danko was limited to her representation of his minor children in the South Carolina case. The superior court correctly ordered the dismissal.

### III.    Sanctions

**¶10**        Gorski requests attorney's fees and costs under ARCAP 25 as sanctions for Danko's inadequate briefing. ARCAP 25 gives this court discretion to award fees and costs for frivolous appeals and rule violations. Though we do not impose sanctions lightly, they may be warranted when briefing is deficient. *Ramos*, 252 Ariz. at 523, ¶¶ 12–13. Not only is that the case here, but Danko's arguments are also substantively frivolous. And he has pursued the same groundless arguments in multiple appeals involving different defendants. *See, e.g.*, *Danko v. Hawkins*, 1 CA-CV 22-0781, 1 CA-CV 23-0001, 1 CA-CV 23-0149 (consol.), 2023 WL 7164310, at *4, ¶ 21 (Ariz. App. Oct. 31, 2023) (mem. decision). In this case, Gorski is entitled to recover her reasonable attorney's fees and costs on appeal under ARCAP 25. She also is independently entitled to recover her costs as the successful party under A.R.S. § 12-341.

### CONCLUSION

**¶11**        We affirm. We award Gorski her reasonable attorney's fees and costs on appeal under ARCAP 25 and A.R.S. § 12-341, pending her compliance with ARCAP 21.

