IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TAD PRY, *Appellant.*

No. 1 CA-CR 23-0371
FILED 01-09-2025

Appeal from the Superior Court in Maricopa County
No.  CR1992-000337
The Honorable Jennifer E. Green, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Christine A. Davis, Quinton S. Gregory
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kristen Reller
*Counsel for Appellant*

---

**OPINION**

Judge Angela K. Paton delivered the opinion of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

¶1        Tad Pry appeals the superior court's grant of a lifetime no-contact injunction prohibiting him from contacting the victim of crimes he was convicted of in 1992.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Pry pled guilty to multiple counts of attempted sexual conduct with a minor in 1992.  He was sentenced to thirty years in prison and lifetime probation that same year.  Pry's probation included a term prohibiting him from contacting the victim.

¶3        Pry was released from prison in December 2021.  In September 2022, the legislature enacted Arizona Revised Statutes ("A.R.S.") Section 13-719, which, as relevant here, allows a victim to petition the court for an injunction prohibiting the defendant from contacting the victim for the duration of the defendant's life.  In December 2022, the victim petitioned for an injunction under Section 13-719.  The State supported the victim's petition.  Pry objected to the petition and argued that granting the injunction against him would be an *ex post facto* violation because Section 13-719 was not in effect at the time of his sentencing.  The superior court granted the petition and issued the requested injunction, finding that it did not violate *ex post facto*.

¶4        Pry timely appealed.  We have jurisdiction under Sections 12-120.21(A)(1) and 13-4033(A)(3).

## DISCUSSION

¶5        Pry contends that Section 13-719 is a punitive statute, such that applying it to him retroactively violates the *ex post facto* clauses of the Arizona and federal constitutions.  He asks us to reverse the superior court's grant of the victim's petition for a lifetime no-contact injunction and deny the injunction on this basis.

**¶6** We requested supplemental briefing from the parties on whether this issue is ripe for adjudication given that the injunction does not subject Pry to additional harm because his lifetime probation already prohibits contact with the victim. Both the State and Pry responded that the issue is ripe because each of the prohibitions against victim contact carry separate potential consequences, as well as procedures and burdens of proof. Pry has not violated the injunction, and thus addressing this issue solely based on any potential future liability is arguably too speculative for us to address. *See Fann v. State,* 251 Ariz. 425, 431, ¶ 11 (2021) ("The ripeness doctrine prevents a court from rendering a premature judgment or opinion on a situation that may never occur.") (quoting *Winkle v. City of Tucson*, 190 Ariz. 413, 415 (1997)). Even so, the imposition of the injunction is ripe because Pry had 20 days from the superior court's order to appeal the decision and would otherwise forfeit the opportunity to do so. Ariz. R. Crim. P. 31.2(a)(2)(B); *see* A.R.S. § 13-4033(A)(3). In other words, because this appeal is Pry's only opportunity to challenge the imposition of the no-contact injunction, it is ripe for our review.

**¶7** We review an order granting an injunction for an abuse of discretion; a court abuses its discretion when it misapplies the law. *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 259, ¶ 13 (2022). We review constitutional questions and questions of law de novo. *See State v. Henry*, 224 Ariz. 164, 166, ¶ 5 (App. 2010).

**¶8** The Arizona and federal Ex Post Facto Clauses provide: "No . . . ex-post-facto law . . . shall ever be enacted," Ariz. Const. art. 2, § 25, and "No State shall . . . pass any . . . ex post facto Law," U.S. Const. art. 1, § 10. "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" violates *ex post facto*. *Calder v. Bull*, 3 U.S. 386, 390 (1798); *Peugh v. United States*, 569 U.S. 530, 532-33 (2013); *see also State v. Cocio*, 147 Ariz. 277, 284 (1985) ("[T]he Arizona Legislature may not enact a law which imposes any additional or increased penalty for a crime after its commission."). Because the language of both the Arizona and federal provisions is materially the same, we generally interpret them as having the same scope, and Arizona courts have "consistently followed federal precedent in this area." *State v. Noble*, 171 Ariz. 171, 173 (1992). As a result, we rely on both Arizona and U.S. Supreme Court *ex post facto* precedent in conducting our analysis here.

**¶9** To start, we must first determine whether Section 13-719 is retroactive. *Id.* at 174. A statute applies retroactively when it "attaches new legal consequences to events completed before its enactment." *State v.*

*Aguilar*, 218 Ariz. 25, 34, ¶ 33 (App. 2008). In Arizona, "[n]o statute is retroactive unless expressly declared therein." A.R.S. § 1-244.

**¶10** Section 13-719[1] generally provides that "the court shall issue an injunction that prohibits the defendant from contacting the victim" if the defendant is convicted of certain offenses and the injunction is requested by the victim or prosecutor at the time of sentencing. A.R.S. § 13-719(A). But as relevant here, "[i]f the victim did not request an injunction at the time of sentencing pursuant to subsection A of this section or the sentencing occurred before September 24, 2022, the victim may submit a petition to the court requesting an injunction against a defendant who was sentenced for an offense listed in subsection A of this section," which includes serious and dangerous offenses, for example, first degree murder, sexual conduct with a minor, or arson. A.R.S. § 13-719(D). Pry does not dispute that his convictions are included in subsection A. Because subsection D allows victims to request and receive lifetime no-contact injunctions against defendants sentenced before September 24, 2022, by its express terms, the statute is retroactive.

## I. The intent of Section 13-719 is regulatory.

**¶11** Having determined Section 13-719 is retroactive, we next consider whether it is punitive—meaning it creates criminal penalties and is subject to *ex post facto* analysis—or regulatory—meaning it is civil and nonpunitive and not subject to *ex post facto* analysis. *Ariz. Dep't of Pub. Safety v. Superior Ct. (Falcone)*, 190 Ariz. 490, 494 (App. 1997) (citing *Noble*, 171 Ariz. at 173-75). A punitive statute violates the *ex post facto* clause and may not be applied retroactively; a regulatory statute does not violate *ex post facto* and therefore may be applied retroactively. *Id.*

**¶12** Arizona courts apply the "intent/effects test" to determine whether a statute is punitive or regulatory. *See State v. Trujillo*, 248 Ariz. 473, 477, ¶ 19 (2020) (stating our supreme court looks first to the intent/effects test to determine whether a statute is civil or criminal) (citing *Smith v. Doe*, 538 U.S. 84, 92 (2003)). Because Pry challenges Section 13-719 on *ex post facto* grounds, he "bears the burden of demonstrating by 'the clearest proof' that the law is in fact punitive." *State v. Haverstick*, 234 Ariz.

---

[1] Although this statute was amended after the relevant date, the revisions are immaterial to the disposition of this appeal, and we cite to the current version of the statute.

161, 167, ¶ 11 (App. 2014) (quoting *Smith*, 538 U.S. at 92) (internal quotation marks omitted).

¶13　　　　"The intent of the legislature is singularly important" in determining whether a statute is punitive or regulatory. *Falcone*, 190 Ariz. at 495. To determine legislative intent, we examine the text and structure of a statute. *Trujillo*, 248 Ariz. at 478, ¶ 26 (citing *Smith*, 538 U.S. at 92). If the legislature intended to impose a criminal punishment, *ex post facto* applies and our inquiry ends. *Id.* at 477, ¶ 20. But if the legislature intended to enact a civil and nonpunitive regulatory scheme, we "examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the legislature's] intention to deem it civil." *Id.* (quoting *Smith*, 538 U.S. at 92).

¶14　　　　Section 13-719's no-contact restriction is not additional punishment for past activity; instead, it "comes about as a relevant incident to a regulation of a present situation." *Noble*, 171 Ariz. at 175 (quoting *De Veau v. Braisted*, 363 U.S. 144, 160 (1960)) (alteration in *Noble*). Where a legislative restriction is part of the State's power to regulate public health and safety, it will be considered evidence of its "intent to exercise that regulatory power, and not a purpose to add to the punishment." *Flemming v. Nestor*, 363 U.S. 603, 616 (1960); *see Martin v. Reinstein*, 195 Ariz. 293, 316, ¶ 74 (App. 1999) ("[P]rotecting the public from sex offenders is a paramount governmental interest.").

¶15　　　　An injunction is a civil equitable remedy—not a criminal punishment. *See Jurju v. Ile*, 255 Ariz. 558, 562, ¶ 18 (App. 2023). Section 13-719 allows a victim to request the injunction without any involvement from the State—the entity charged with punishing the defendant. Pry admits that no-contact injunctions "serve the purpose of protecting victims and giving them peace of mind." The intent is not to further punish convicted offenders but to protect their victims. We therefore conclude that Section 13-719's purpose is to protect victims, which is a nonpunitive, regulatory purpose. *See Falcone*, 190 Ariz. at 495 (holding that legislative purpose of enacting the sex offender community notification was to protect the community, not to punish offenders).

¶16　　　　Pry contends that the codification of Section 13-719 in the criminal code proves its punitive intent. We recognize that its inclusion in Title 13 arguably reflects the legislature's intent to classify this statute as punitive. This fact, however, is not determinative. *Trujillo*, 248 Ariz. at 479, ¶ 29. Our supreme court has affirmed Arizona's sex offender registration

system as regulatory despite its codification in Title 13. *Id.* at ¶ 30. There is no reason to view this statute differently.

¶17        We conclude that the legislature's purpose in enacting Section 13-719 was to create a civil regulatory scheme to protect victims of dangerous or serious offenses.

## II.        The effects of Section 13-719 do not outweigh its regulatory intent.

¶18        Because we find the legislature intended Section 13-719 to be nonpunitive, we next must consider whether there are any punitive effects that outweigh its regulatory purpose. *See Noble*, 171 Ariz. at 175; *see also Smith*, 538 U.S. at 92. To do so, we consider the enumerated factors in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963), as this court applied in *Haverstick*, 234 Ariz. at 167, ¶ 15: (1) "[w]hether the sanction involves an affirmative disability or restraint," (2) "whether it has historically been regarded as a punishment," (3) "whether it comes into play only on a finding of scienter," (4) "whether its operation will promote the traditional aims of punishment—retribution and deterrence," (5) "whether the behavior to which it applies is already a crime," (6) "whether an alternative purpose to which it may rationally be connected is assignable for it," and (7) "whether it appears excessive in relation to the alternative purpose assigned."

¶19        These factors are designed to apply in various constitutional contexts, so they are "neither exhaustive nor dispositive," *Falcone*, 190 Ariz. at 496 (quoting *United States v. Ward*, 448 U.S. 242, 249 (1980)), but are "useful guideposts," *Hudson v. United States*, 522 U.S. 93, 99 (1997).

¶20        First, the injunction does not place an affirmative restraint or disability on Pry. Imprisonment is the paradigmatic affirmative disability or restraint. *See Hudson*, 522 U.S. at 104. Section 13-719 does not impose imprisonment or any similar physical restraint. Nor does it impose mandatory conditions, require reporting to a probation officer, or require obtaining approval before changing jobs or residences. *See Trujillo*, 248 Ariz. at 481, ¶ 41. Although Pry argues that the injunction is identical to a standard term of probation, which is punishment, the requirements of the injunction are not monitored by the State in the same way.

¶21        Second, a lifetime injunction prohibiting contact with a victim has not been historically regarded as punishment. *See Smith*, 538 U.S. at 97 (noting that "sex offender registration and notification statutes are of fairly recent origin," suggesting they do "not involve a traditional means of punishing.").

¶22 Third, the injunction does not come into play only on a finding of scienter. Scienter is a culpable mental state which is "the degree of knowledge necessary to make a person criminally responsible for his or her acts." *Ruan v. United States*, 597 U.S. 450, 458 (2022). Section 13-719 requires the issuance of an injunction upon request by the victim "without regard to the offender's state of mind." *See Haverstick*, 234 Ariz. at 168, ¶ 17. The lifetime no-contact order does not "affix culpability for prior criminal conduct," but protects victims. *See Kansas v. Hendricks*, 521 U.S. 346, 362 (1997); *Falcone*, 190 Ariz. at 497 (stating that under Arizona's registration statutes, the "offender is not labeled as more culpable than he was before"). Thus, the lifetime injunction, like the lifetime sex offender registration requirement addressed in *Smith*, is "reasonably related to the danger of recidivism," and therefore "is consistent with the regulatory objective" of regulating the offender's future conduct. *See Smith*, 538 U.S. at 90, 98, 102.

¶23 Fourth, the injunction may promote deterrence, a traditional goal of punishment, but "[a]ny number of governmental programs might deter crime without imposing punishment." *Smith*, 538 U.S. at 102. Indeed, if the "mere presence of a deterrent purpose" transformed a civil regulatory scheme into criminal penalties, then the "[g]overnment's ability to engage in effective regulation" would be severely undermined. *Id.*

¶24 Fifth, the behavior to which the injunction applies is not already a crime. Contacting a victim is not in and of itself criminal activity. *See Falcone*, 190 Ariz. at 498 ("The behavior that triggers the community-notification statute is the offender's release from prison and subsequent relocation within Arizona, neither of which is a crime.").

¶25 Sixth, the injunction has a rational connection to a nonpunitive purpose, protecting victims, a purpose Pry acknowledges. This is the "[m]ost significant" factor to determine that the statute's effects are not punitive. *United States v. Ursery*, 518 U.S. 267, 290 (1996).

¶26 Seventh, the effects of the injunction are not excessive with respect to the nonpunitive intent. In determining whether any punitive effects of a statute are excessive in relation to its nonpunitive intent, we note that "[a] statute is not deemed punitive simply because it lacks a close or perfect fit with the nonpunitive aims it seeks to advance." *Smith*, 538 U.S. at 103. We need not determine that "the legislature has made the best choice possible to address the problem it seeks to remedy." *Id.* at 105. Instead we consider "whether the regulatory means chosen are reasonable in light of the nonpunitive objective." *Id.* Prohibiting a convicted offender

of a serious or dangerous crime from contacting the victim of that crime is reasonable to achieve the nonpunitive objective of victim protection. The lifetime duration of the prohibition does not change this calculus.

**¶27** Weighing the above factors, we conclude that the effects of Section 13-719 are not punitive. The most significant factor in this case is our determination that, as noted, the overriding purpose is to protect victims, a purpose unrelated to punishing a convicted offender for past offenses.

**¶28** In sum, Pry has not shown the "clearest proof" required that the lifetime injunction imposed by Section 13-719 is punitive in its intent or effects. *Haverstick*, 234 Ariz. at 167, ¶ 11. We therefore reject his argument that the statute violates the *ex post facto* clauses of the Arizona or federal constitutions.

## CONCLUSION

**¶29** We affirm.

